ADKINS, Justice,
dissenting:
In my opinion, the good record of the attorney should have great bearing on the question of disbarment. Mr. Rhodes was admitted to The Florida Bar in 1964. There were no previous disciplinary actions instituted against him.
Mr. Rhodes contends that his only intention was to borrow the money from the estate. Of course, at one time he had in his possession $30,000.00, representing net proceeds from the sale of property owned by Rhodes. Rather than make restitution at that time, Rhodes invested the $30,000.00 in one of his business ventures with the idea of repaying the loan due the estate from his business profits.
He originally intended to refinance his home and repay the advances from the estate. However, marital difficulties arose and he was unable to secure his wife’s signature and approval of the loan.
This isolated instance of misfeasance on the part of Rhodes should not be tolerated or condoned. However, I think disbarment is too severe. I would request the parties to submit briefs directed to the suitability of the disciplinary measures recommended by the referee. See Article XI, Rule 11.-09(3)(f), Integration Rule of the Supreme Court of Florida.